The opinion of the Court was read as drawn up by
Parker C. J.
The last cause of demurrer is manifestly mistaken, for there is a direct affirmation and denial between the declaration and the plea, so that it was proper to tender an issue to the country.
And with respect to the other cause, it is clearly unsupported. If three breaches had been well assigned, no doubt the plea would be bad, as it does not answer all; but we think it clear that the breach in relation to the incumbrances is not well assigned, and therefore needed not to be noticed in the plea. A general assignment of a breach, such as negativing the words of the covenant, is proper where such general assignment shows clearly that there is a breach ;[1] as in the covenant of seisin and of a right to sell, denying the seisin and the right to sell, of itself shows a breach.[2] 3But in relation to covenants respecting quiet enjoyment, warranty, and incumbrances, the law is otherwise, because a mere *92 denial does not necessarily show a breach;[1] 2for there may be disturbances or incumbrances which are not covered by such covenants, and therefore the manner in which the plaintiff was disturbed or the land incumbered, must be stated, in order that the Court may see that there has been a breach. And so it is laid down in the case of Marston v. Hobbs, and the position is fully supported by Com. Dig. Pleader, C, 45, 49

Plea adjudged good.

 In assigning breaches in actions of covenant, in general it is sufficient to follow and negative the words of the instrument declared on. M'Geehan v. M'Laughlin, 1 Hall, 33. See 4 Kent’s Comm. (3ded.) 479.

 See Platt on Covenants, 308, 311. (Law Libr. No. 7, p. 308, 311), Rickert v. Snyder 9 Wendell, 421; Sedgwick v. Hollenback, 7 T. R. 367.

 See 2 Wms’s Saund. 381 a, note; 1 Chitty on Pl. (6th Amer. ed.) 368 2 Stark. Ev. (5th Amer. ed.) 249, notes; Mitchell v. Warner, 5 Connect. R 497; Watkeys v. Delancey, 4 Doug. 354; Warn v. Bickford, 7 Price, 550.